**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0660n.06
Filed: August 4, 2005

**04-1032**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

BLAINE SALLIER, )
)
    Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE DISTRICT
) COURT FOR THE EASTERN DISTRICT
CHRISTINE RAMSEY and DEBORAH ) OF MICHIGAN
BROOKS, )
)
    Respondent-Appellants. )

Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM. This case is before us on appeal for the second time. In *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003), we ruled that the defendants, two prison mailroom clerks, were liable to plaintiff Blaine Sallier for only $3,000 for opening his legal mail without authorization, rather than the $13,000 in damages that the jury had assessed. In light of the attorney's fee cap included within the provisions of the Prison Litigation Reform Act of 1996 (PLRA), 42 U.S.C. § 1997e(d)(2), we also reduced the district court's award of attorney's fees from $18,326.25 to 150 percent of the judgment, or $4,500. In the aftermath of that decision, Sallier's attorney, Daniel Manville, filed a new motion in the

---

[*]The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

district court seeking payment of attorney's fees for his work on the plaintiff's appeal.  The

district judge held that the PLIRA does not apply to appellate fees and awarded Manville

$845.32 in costs and an additional $23,242.50 in attorney's fees.  The defendants now

appeal, contending that this court's recent decision in *Riley v. Kurtz*, 361 F.3d 906 (6th

Cir.), *cert. denied*, 125 S.Ct. 169 (2004), establishes the rule in this circuit that the total

amount of attorney's fees awarded in a prisoner's lawsuit under 42 U.S.C. § 1983 cannot

exceed 150 percent of the monetary judgment.  Because *Riley* is now the law of the circuit,

we must reverse the judgment of the district court and remand this matter for such further

proceedings as are necessary.

In 42 U.S.C. § 1997e(d), Congress provided, in relevant part:

(1)  In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that –

(A)  the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of  this title; and

(B)(i)  the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii)  the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2)  Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

> (3)  No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel.

Because $4,500 is 150 percent of the $3,000 monetary judgment the plaintiff received, Manville does not contest that statutory cap on the compensation that he can receive for his work on Sallier's behalf before the district court.   He now insists, however, that § 1997e(d)(2)'s cap does not apply to *appellate* work performed for prisoners in § 1983 actions.

Pursuant to the "law of the circuit doctrine," a panel of this court cannot overrule a prior decision of another panel absent an intervening, contrary Supreme Court ruling, an en banc reversal of the earlier decision, or a relevant legislative amendment to the applicable law.  *See United States v. Seltzer*, 794 F.2d 1114, 1123 (6th Cir. 1986). Hence, we are circumscribed in our ability to award additional appellate fees by the prior decision in *Riley*, which holds "that the PLRA applies to all the attorney's fees generated by a prevailing prisoner – trial, post-trial, and on appeal."  361 F.3d at 917.  As a result, the prevailing attorney in *Riley* received no further award for his appellate work because the $1,504.50 cap on fees for procuring a $1,003 monetary judgment had already been reached in compensating the lawyer for his *trial* work.  *See id.* at 917-18.

Similarly, in this case the PLRA's cap on attorney's fees was reached prior to work undertaken on appeal of that judgment, and additional fees are not available. The district court's conclusion to the contrary is thus in error.

REVERSED and REMANDED for further proceedings, as required.